IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| RONALD J. WALKER,<br><br>　　　　　　Plaintiff,<br>vs.<br><br>JESSICA WINDY BOY, ROCKY BOY HEALTH CLINIC, and CHIPPEWA CREE TRIBE,<br><br>　　　　　　Defendants. | CV-19-43-GF-BMM-JTJ<br><br>**FINDINGS AND RECOMMENDATIONS** |

## INTRODUCTION

Plaintiff Ronald J. Walker (Walker) has brought this lawsuit against his former employer the Rocky Boy Health Center, the Chief Executive Officer of the Rocky Boy Health Center Jessica Windy Boy (Windy Boy), and the Chippewa Cree Tribe. Walker asserts claims for gender discrimination and retaliation. Walker is proceeding *pro se*.

Presently before the Court is Defendants' Motion to Dismiss or Stay this action. Walker opposes the motion. The motion has been referred to the undersigned under 28 U.S.C. § 636(b)(1)(B) for findings and recommendations.

## **BACKGROUND**

Walker was employed at the Rocky Boy Health Center from January 29, 2019, until he resigned on February 8, 2019. (Doc. 10-1 at 5-6; Doc. 1-1 at 6). Walker's title was Project Coordinator/Data Manager. (Doc. 1-1 at 6).

The Rocky Boy Health Center is a health facility located on the Rocky Boy's Indian Reservation. (Doc. 1-1 at 5). The Rocky Boy Health Center is located on property held in trust by the United States government for the benefit of the Chippewa Cree Tribe. (Doc. 10-1 at 5). The Chippewa Cree Tribe of the Rocky Boy's Indian Reservation owns and operates the Rocky Boy Health Center. *Id.*

Defendant Windy Boy is the Chief Executive Officer of the Rocky Boy Health Center. *Id.* Wind Boy is a member of the Assiniboine Tribe of the Fort Belknap Indian Reservation. (Doc. 10-1 at 2). Walker is a member of the Gros Ventre Tribe of the Fort Belknap Indian Reservation. (Doc. 1-1 at 5, 47)

Walker alleges that he was forced to resign his position at the Rocky Boy Health Center as a result of "harassment, admonishment and humiliation" by Wind Boy. (Doc. 1-1 at 6). Walker has asserted discrimination and retaliation claims against the Defendants based on Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. § 2000e-3(a); Title I of the Americans with Disability Act of 1990

(ADA), 42 U.S.C. § 12112 et seq.; and Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794. (Doc. 1).

Defendants filed the present motion on August 16, 2019. Defendants argue that this case should be dismissed or stayed for the following reasons: 1) Walker has failed to exhaust his tribal court remedies; 2) this Court lacks subject matter jurisdiction over the claims asserted by Walker; and 3) "the federal statutes cited in [Walker's] Complaint are not applicable to the dispute and do not provide any basis for jurisdiction." (Doc. 25 at 3-4).

## DISCUSSION

Principles of comity require a plaintiff to exhaust his tribal court remedies before litigating his claims in federal court, when tribal jurisdiction is "colorable." *Wilson v. Horton's Towing*, 906 F.3d 773, 777-78 (9th Cir. 2018) citing *Atwood v. Fort Peck Tribal Court Assiniboine*, 513 F.3d 943, 948 (9th Cir. 2008). This exhaustion rule is designed to promote tribal self-government, and prevent federal courts from "impairing [a tribal court's] authority over reservation affairs." *Iowa Mut. Ins. Co. v. LaPlante*, 480 U.S. 9, 15-16 (1987); see also *National Farmers Union Ins. Cos. v. Crow Tribe of Indians*, 471 U.S. 845, 856-57 (1985).

Courts employ a two-pronged test to determine whether tribal jurisdiction is colorable. Courts first examine whether the claims asserted by the plaintiff

"bear[] some direct connection to tribal lands." *Wilson*, 906 F.3d at 779. Colorable tribal jurisdiction exits if "the events that form the bases for [p]laintiff's claims occurred or were commenced on tribal territory." *Id.*

Colorable tribal jurisdiction generally does not exist if the claims asserted by the plaintiff are based on events that occur "off tribal lands." *Id.* Events that occur off tribal land support colorable tribal jurisdiction only if one of the two exceptions described in *Montana v. United States*, 450 U.S. 544 (1981), are present. *Id.* citing *Window Rock Unified Sch. Dist. v. Reeves*, 861 F.3d 894, 898 (9th Cir. 2017).

The first *Montana* exception provides that tribal jurisdiction is colorable when plaintiff's claims arise out of a "consensual relationship[]" he has with "the tribe or its members, though commercial dealing[s], contracts, leases, or other arrangements." *Montana*, 450 U.S. at 565. The second *Montana* exception provides that tribal jurisdiction is colorable when plaintiff's claims are based on conduct that occurs "on fee lands within [the Indian] reservation," that "threatens or has some direct effect on the political integrity, the economic security, or the health or welfare of the tribe." *Montana*, 450 U.S. at 566.

Here, tribal jurisdiction is colorable for at least two reasons. Tribal jurisdiction is colorable because Walker's claims are based on events that

-4-

allegedly occurred on tribal land. Walker alleges that he was subjected to discrimination and retaliation while he was employed at the Rocky Boy's Health Center. The Rocky Boy's Health Center is located on trust land within the exterior boundaries of the Rocky Boy's Indian Reservation.

Second, tribal jurisdiction is colorable because Walker's claims arise out of a consensual employment agreement he had with a tribal entity. Wind Boy attests in her affidavit that the Rocky Boy Health Center is a governmental instrumentality owned and operated by the Chippewa Cree Tribe. (Doc. 10-1 at 2). Walker does not argue otherwise.

Given that colorable tribal jurisdiction exists, Walker must exhaust his remedies with the Chippewa Cree Tribal Court before he attempts to litigate his claims in federal court. *Atwood*, 513 F.3d at 948; *Marceau v. Blackfeet Housing Authority*, 540 F.3d 916, 920-21 (9th Cir. 2008).

Accordingly, IT IS HEREBY RECOMMENDED:

1. Defendants' Motion (Doc. 9) should be GRANTED.

2. This case should be DISMISSED without prejudice subject to refiling after Walker exhausts his remedies with the Chippewa Cree Tribal Court.

DATED this 29th day of October, 2019.

John Johnston
United States Magistrate Judge

-5-